**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3172-17T1

JANET ELLEN DUNIGAN,

     Plaintiff-Respondent,

v.

ERIC S. WILSON,

     Defendant-Appellant.

_____

Argued March 5, 2019 – Decided July 31, 2019

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FM-11-0948-10.

Amy Sara Cores argued the cause for appellant (Cores & Associates, LLC, attorneys; Amy Sara Cores and Marybeth Hershkowitz, on the brief).

Philip S. Burnham, II argued the cause for respondent (Burnham Law Group, LLC, attorneys; Philip S. Burnham, II and Ashley A. Thomas, on the brief).

PER CURIAM

In this post-judgment dissolution matter, defendant Eric S. Wilson appeals from the Family Part's February 7, 2018 order that established child support for his and plaintiff Janet Ellen Dunigan's younger son, who was seventeen years old, after the emancipation of their older son. The limited argument raised by defendant is that the Family Part judge improperly included in her calculations the 14.6% guidelines adjustment that is required in initial child support orders when a child is over twelve years old. Defendant contends that because this was not an initial support order, employment of the adjustment was incorrect. We agree and therefore vacate the order and remand the matter for recalculation of child support.

The relevant facts derived from the motion record are summarized as follows. After the parties were married in 1994, they had two sons: one born in 1997 and the other in 2000. The parties were divorced in 2010 pursuant to a final judgment of divorce (JOD) that incorporated their marital settlement agreement (MSA). In the MSA, the parties agreed upon an amount of child support for the two children. Attached to the MSA were two sets of child support guidelines calculations. Because one of their children was over the age of twelve at the time, both sets included the 14.6% adjustment for the one child.

2

The two sets of guidelines calculations were necessary to illustrate a dispute that the parties were having about the type of guidelines—"sole or shared parenting time"—they should use. Ultimately, the parties agreed upon a deviation from either guidelines' amount and set forth their reasons for doing so in the MSA. They also agreed to recalculate child support upon the emancipation of the older child. From 2010 through 2016, neither party sought any modification to child support or other review by the Family Part.

The emancipation of the parties' older son was raised by defendant in 2016 after the older son had ceased residing with either parent. Plaintiff initially opposed the application, but later agreed to the older son's emancipation after the motion judge scheduled a plenary hearing to resolve the issue. The parties notified the judge of their agreement and sought an order memorializing the emancipation of the older child and fixing child support for the younger child.

On February 7, 2018, the motion judge entered an order emancipating the older son and fixing child support for the younger son, and issued a written statement of reasons setting forth how the amount was calculated. In her comprehensive decision, the judge reviewed the original support calculations followed by the parties' MSA, and noted that the guidelines' requirements for high earners applied to this case. Therefore, the child support would be

3

calculated in accordance with the guidelines up to the maximum income amount and then a discretionary amount was to be added as determined by the judge, if warranted. In addition, the judge noted that it was significant to her decision that the initial support amount had not been increased over the years since its entry. The judge's guidelines calculations included the 14.6% adjustment but her decision made no mention of its inclusion.

After receiving the motion judge's order and calculations, defendant's attorney wrote to the judge to advise that the judge's calculations contained a clerical error because they included the 14.6% adjustment required for initial orders where a child is over twelve years old. Counsel explained that because the judge's order was not an initial order, the adjustment was not applicable.

The judge responded by notifying counsel that the adjustment was not an error. According to the judge, because the parties deviated from the guidelines in their calculation of support as set forth in their MSA, the judge's calculation of support for the younger child was an initial calculation of support that required inclusion of the adjustment and including it was "equitable and just." This appeal followed.

We begin our review by noting that an award of child support is committed to the sound discretion of the trial court, and the award will not be disturbed on

appeal "unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Gotlib v. Gotlib, 399 N.J. Super. 295, 309 (App. Div. 2008) (quoting Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001)) (internal quotation marks omitted). However, in our review, "we are not bound by '[a] trial court's interpretation of the law' and do not defer to legal consequences drawn from established facts." Jacoby v. Jacoby, 427 N.J. Super. 109, 116-17 (App. Div. 2012) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

When deciding the amount of child support, a judge must apply the child support guidelines, which are set forth in Appendix IX to Rule 5:6A for incomes up to $150,800, and then for higher income families, apply the statutory factors under N.J.S.A. 2A:34-23(a) to calculate an additional discretionary amount to be added if warranted. See Pascale v. Pascale, 140 N.J. 583, 593-94 (1995); see also Caplan v. Caplan, 364 N.J. Super. 68, 84-86 (App. Div. 2003).

The statute sets forth the following factors:

> (1) Needs of the child;
>
> (2) Standard of living and economic circumstances of each parent;
>
> (3) All sources of income and assets of each parent;

5

(4) Earning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children including the cost of providing child care and the length of time and cost of each parent to obtain training or experience for appropriate employment;

(5) Need and capacity of the child for education, including higher education;

(6) Age and health of the child and each parent;

(7) Income, assets and earning ability of the child;

(8) Responsibility of the parents for the court-ordered support of others;

(9) Reasonable debts and liabilities of each child and parent; and

(10) Any other factors the court may deem relevant.

[N.J.S.A. 2A:34-23(a).]

In pertinent part, the guidelines provide, "[I]f the initial child support order is entered when a child is [twelve] years of age or older, that order and all subsequent orders shall be adjusted upward by 14.6%." Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, www.gannlaw.com (2019). That adjustment is applied to "the earliest date from which support was paid." Accardi v. Accardi, 369 N.J. Super. 75, 87 (App. Div. 2004). The 14.6% guidelines adjustment is based solely on the age of the child at the time of an

initial child support award and is not related to other reasons that may support an application for an award of child support outside of the guidelines. See J.B. v. W.B., 215 N.J. 305, 327 (2013) ("an increase in the needs of a child . . . may constitute [a] change[] in circumstances that will trigger an examination of the support obligation").

The rationale supporting the adjustment is explained in the guidelines as follows:

> The child support schedules are based on child-rearing expenditures averaged across the entire age range of zero through 17 years (total expenditures divided by 18 years). This averaging means that awards for younger children are slightly overstated due to the higher level of expenditures for older children. If an award is entered while the child is very young and continues through age 18, the net effect is negligible. However, initial awards for children in their teens are underestimated by the averaging and should be adjusted upward to compensate for this effect. . . . the cost of children aged 12 through 17 was 14.6% above the average expenditures.
>
> [Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, www.gannlaw.com (2019).]

In this case it is clear that the motion judge erred by incorporating the adjustment into her calculations. At the time of the initial support award in 2010, the children were thirteen and ten years old. Guidelines calculations were

prepared and considered by the parties in the calculation of their agreed upon support amount that they incorporated into the JOD. Those calculations included the 14.6% adjustment because one child was over twelve years old at the time. The support ordered in the JOD as agreed to by the parties was the initial support award. Any adjustments thereafter were to be based on the guidelines and the statutory considerations without including the adjustment again, especially when considering support for the younger child, who was ten years old at the time the JOD was entered and therefore his support was not "underestimated."

Plaintiff raises numerous objections to removing the adjustment from the calculation of support and argues we should affirm its inclusion because she had been deprived of increases in child support over the years. Her objections and arguments relate to defendant's alleged motives for seeking relief from the challenged support order and include contentions about the parties' income and the child's needs. We do not pass on any of those arguments as our review in this case is limited to whether it was proper to include the adjustment in what was the second support order entered by a court. As we are constrained to remand this matter for recalculation of support without the adjustment, plaintiff

8

is free to seek further relief from the motion judge for any legitimate reason she wishes to advance.

The order under appeal is vacated and the matter is remanded for further proceedings consistent with our opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3172-17T1